UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEAN NAPOLI                                CIVIL ACTION NO. 3:11-cv-00754

VERSUS

JOHNSON & JOHNSON, INC.

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT, plaintiff, **DEAN J. NAPOLI**, has moved for summary judgment on his ERISA-based severance claim against defendant, **JANSSEN PHARMACEUTICALS** ("The Company"), and offers this memorandum in support of said motion and represents the following:

### THE ERISA CLAIM

This action was commenced in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. It was removed by defendant pursuant to 28 U.S.C. § 1446(b)(federal question jurisdiction) in that plaintiff's petition allegedly included claims arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* (ERISA), and the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621, *et seq.* Plaintiff concedes that his claim for severance benefits is governed by ERISA.

1

This motion seeks resolution of plaintiff's claim for severance benefits and the defendant's counter-claim. It does not address plaintiff's age discrimination claim. Further, this Motion does not address any issues regarding the independence or conflict of interest of the Benefits Committee.

## FACTS OF THE CLAIM

Plaintiff was hired by Scios, Inc. in July of 2001 as a Hospital Representative. Johnson & Johnson acquired Scios, Inc. in 2004 and operated it as a corporate subsidiary until sometime in 2009 when it began operating the company as Janssen Pharmaceuticals, Inc. On or about September 24, 2010, plaintiff was terminated by Janssen Pharmaceuticals.

Plaintiff made application for severance benefits which were denied. He then proceeded to exhaust his administrative remedies.[1] According to the administrative record, the denial of benefits was made on the basis that plaintiff committed an unspecified violation of The Company's "Performance and Conduct Standards Policy."[2] Defendant further claimed that plaintiff owed The Company for reimbursement of $3,000.00 in "wrongfully expensed" items.

---

[1] Exhibit "A."

[2] Exhibit "A", JNJ-NAPOLI-057-058.

## SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *see also Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon

the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

## STANDARD OF REVIEW

Review of an ERISA claim is generally limited to the administrative record. See, e.g., *Anderson v. Cytec Industries, Inc.*, 619 F.3d 505, 515 (5th Cir., 09/14/2010)("In ERISA cases, courts generally cannot consider evidence outside the administrative record").

The benefits plan at issue gave defendant discretionary authority to construe the terms of the plan and render benefits decisions. This court, therefore, reviews the plan administrator's decision for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir.2009); *Taylor v. Washington Mut., Inc.*, 2007 WL 4239446 (W.D.La. 11/29/2007).

When applying the abuse of discretion standard, a court should analyze "whether the plan administrator acted arbitrarily or capriciously." *Truitt v. Unum Life Ins. Co. of America*, 729 F.3d 497 (C.A.5 (Tex.) 09/06/2013); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir.1999); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir.1994).

A decision is arbitrary when made "without a rational connection between the known facts and the decision or between the found facts and the evidence." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.,* 97 F.3d 822, 828 (5th Cir.1996). An administrator's decision to deny benefits must be "based on evidence, even if disputable, that clearly supports the basis for its denial." *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 299 (5th Cir.1999). Without some *concrete evidence* in the administrative record to support the denial of the claim, the plan administrator has abused its discretion. *Id.* at 302. See also, *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 302 (5th Cir.1999) (en banc) (observing that there must be "concrete evidence in the administrative record that supports the denial of the claim"), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). Defendant must point to specific evidence in the plan materials and the administrative record to support its administrative determination.

## ARGUMENT

On September 27, 2010, The Company informed plaintiff that he had been terminated for a "Group I Violation." (Exhibit "A" JNJ-NAPOLI-042). A Group I Violation is defined as any one of twenty-two non-exclusive, bullet points found on pages 2 and 3 of 6 of The Company's Performance and Conduct Standards Policy,

Policy number N2847 ("Exhibit "A", pp. JNJ-NAPOLI-036-041). The final bullet point further generalizes said standards by providing a catch-all:

> "Other similar conduct or actions that, in management's and the Company's discretion, is of such a serious nature as to warrant severe disciplinary measures up to and including immediate termination."

The September 27, 2010 letter (Exhibit "A", JNJ-NAPOLI-042) also states that plaintiff wrongfully expensed "over $3,000.00 on his American Express account," however, this alleged action is not directly referenced as the specific Group I Violation alleged. Neither does the policy (Exhibit "A", JNJ-NAPOLI-037-038) specifically list this particular action as a Group I Violation. Other than this one sentence, the administrative record contains no other reference whatsoever to the possible specifics of the alleged Group I Violation.

Assuming that wrongful expense charges fall under the rubric of a Group I Violation, The Company has failed to provide any specifics of: 1) when the "wrongful" expensing was undertaken; 2) what particular charges were "wrongfully expensed"; 3) what reimbursement policy was in effect at the time that each expense was submitted; or 4) under what reimbursement policy each expense was reviewed by The Company and found to be wrongful.

Plaintiff was informed in writing on May 5, 2012 that he was not entitled to severance benefits because he had generally violated the Company's "Performance

and Conduct Standards Policy" (Exhibit "A", JNJ-NAPOLI-046-047). In response, plaintiff requested in writing an identification of the "specific" policy he violated, the "specific facts and circumstances", copies of any and all documents which supported the finding, and a complete copy of his personnel file. Plaintiff further stated: "A general blanket allegation by you that I violated a Performance and Conduct Standards Policy is impossible for me to defend..." (Exhibit "A", JNJ-NAPOLI-049-050). He reiterated his request for information twelve days later. (Exhibit "A", JNJ-NAPOLI-051-052). In response, The Company provided a copy of Policy number N2847[3] and another copy of the September 27, 2010 letter previously sent to plaintiff counsel. (Exhibit "A", JNJ-NAPOLI-054-055). As noted above, the September 27, 2010 letter merely referred to the wrongful expensing of $3,000.00 without any specifics. In response, plaintiff wrote: "Any expenses incurred for which I sought reimbursement were approved expenses under the existing company policy at the time reimbursement was requested." (Exhibit "A", JNJ-NAPOLI-056). Having been provided with no specifics as to the particular charges at issue, the dates thereof, or the effective date of any reimbursement policy considered by The Company, plaintiff

---

[3] See discussion above about the contents of said Policy.

was prevented from preparing specific responses to the allegation that he had committed a Group I Violation.

A letter setting forth the findings on plaintiff's appeal of the denial concluded that plaintiff had been discharged for "violation of The Company's Performance and Conduct Standards Policy." The record is devoid however, of any documentation to support such a conclusion. Nothing in the record sets forth the specific acts which allegedly constituted a Group I Violation. To the extent "wrongful expense" reimbursements were the basis for The Company's findings, evidence of the specific reimbursements are not contained in the record. Neither does the record contain a copy of the policy allegedly violated by the plaintiff or set forth its effective date.

The plan administrator's decision to deny benefits must be supported by substantial evidence. *Ellis v. Liberty Life Assurance Co. Of Boston*, 394 F.3d 262, 273 (5th Cir. 2004). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The stated reason for The Company's denial of benefits was nebulous and conclusory. Nevertheless, the Committee accepted a bare and conclusory allegation without a scintilla of documentation to support that allegation. Furthermore, the Committee was aware that The Company had failed to provide any specifics to

plaintiff such that he could respond to The Company's general, blanket allegation. As such, the record does not contain evidence adequate to support a denial of severance benefits.

## DAMAGES

Article 5 of the Company's Severance Pay Plan provides that an employee is eligible for Formula 2 - Enhanced Severance Pay. The formula to calculate such pay is set forth on pages 11-12 of the Plan. (Exhibit "A", JNJ-NAPOLI-013-014). The claim in the administrative record establishes that plaintiff was hired July, 2001 and that at time of his termination his base pay was $2980.00 per week.

With respect to an award of benefits, and according to the letter by plaintiff's counsel dated February 22, 2012: "Mr. Napoli is willing to execute a Separation Agreement and Release to make him eligible to receive Formula-2 Enhanced Severance Pay benefits as defined by the Severance Plan." (Exhibit "A", JNJ-NAPOLI-043-044).[4] Accordingly, plaintiff is entitled to $53,640.00 in enhanced severance benefits. (Exhibit "A", JNJ-NAPOLI-045, et seq).

---

[4] See also the letter from plaintiff dated February 23, 2014, Item 9 (Exhibit "A", JNJ-NAPOLI-045-046)

ATTORNEY FEES

Under 29 U.S.C. § 1132(g), this Court may award plaintiff attorney fees. A copy of plaintiff counsel's billing statement through March 4, 2014 is attached to this Motion as Exhibit "C-1".

THE COUNTER-CLAIM

Plaintiff further shows that defendant has produced *no evidence* in discovery to support its counter-claim for reimbursement of $3,000.00 in unspecified items which were allegedly "wrongfully expensed" by plaintiff.[5] Neither is such claim supported by the administrative record. Defendant's counter-claim should be denied because The Company has produced no evidence to support such claim.

CONCLUSION

There being no evidence in the administrative record, coupled with The Company's failure to provide specific evidence of the alleged Category I Violation, plaintiff shows that the findings of The Company were arbitrary and capricious and utterly unsupported by the record. Plaintiff prays for an award of $53,640.00 in enhanced severance benefits along with reasonable attorney fees incurred to bring this

---

[5] In response to discovery requests for information to support the claim, defendant responded that it would not produce anything other than the administrative record, that the information was not relevant, or that plaintiff already possessed such information. See Request for Production Nos. 4, 5, 9, 10, 11, 13, 14 and responses thereto. (Exhibit "B")

10

action. Plaintiff further prays for dismissal of the counter-claim for $3,000.00 because defendant has failed to produce any basis for or evidence to support such claim.

Dated: March 7, 2014

By Attorneys:

HENCHY, VERBOIS & HACKENBERG, L.L.C.
By: /s/ E. Scott Hackenberg
John L. Henchy, La Bar # 14369
E. Scott Hackenberg, La Bar # 19856
Attorneys at Law
7904 Wrenwood Boulevard, Suite C
Baton Rouge, Louisiana 70898
Telephone: (225) 928-4444
esh@hvhlegal.com
Counsel of Record for Plaintiff:
**DEAN J. NAPOLI**