# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DEAN NAPOLI                                              CIVIL ACTION

VERSUS                                                   NO. 11-754-SDD-RLB

JOHNSON & JOHNSON, INC.

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by the Plaintiff, Dean Napoli ("Plaintiff"), and the *Motion for Partial Summary Judgment*[2] filed by the Defendant, Johnson & Johnson, Inc. ("Defendant"). The parties have filed *Oppositions* and *Replies* to the respective motions.[3] For the reasons which follow, the Court finds that the Defendant's motion should be GRANTED, and the Plaintiff's motion should be GRANTED in part and DENIED in part.

## I.     FACTUAL BACKGROUND

Plaintiff was hired by Scios, Inc. in July of 2001. In April of 2003, Janssen Pharamceuticals, Inc., part of the Johnson & Johnson Family of Companies acquired Scios, Inc. At the time of this acquisition, Plaintiff became a regular, full-time, salaried employee of Janssen Pharamceuticals, Inc. For the duration of Plaintiff's employment, he was a participant in the Severance Pay Plan ("SPP" or "the Plan") of the Defendant's company.

---

[1] Rec. Doc. No. 25.

[2] Rec. Doc. No. 27.

[3] Rec. Doc. Nos. 29, 32, 35, & 37.

On September 24, 2010, Plaintiff was advised that he had been discharged due to the elimination of his position as a reduction in work-force. The Defendant contends Plaintiff was erroneously told by a Human Resources representative that this was the reason for his termination; however, on September 27, 2010, Defendant wrote to Plaintiff's counsel and advised that Plaintiff was terminated for a Group I Policy violation and was thus not entitled to severance under the terms of the SPP.[4]

Article 4 of the SPP, Eligibility for Benefits, states in pertinent part:

b.  An Eligible Employee is not eligible for the benefits provided in Article 5 if his or her employment is terminated as a result of any one of the following events:

\* \* \*

v.  discharge for (I) misconduct, (ii) a violation of applicable rules, policies and/or practices, or (iii) conduct considered by the Pension Committee to be detrimental to a Johnson & Johnson Company; ...[5]

Because Plaintiff's termination was found by the Administrator to be a violation of the Company's Performance and Conduct Standards Policy, Plaintiff was deemed ineligible to receive severance pay under the Plan.

Upon receipt of Plaintiff's February 22, 2012 application and demand for eighteen weeks severance pay under the Plan, the Defendant responded on March 5, 2012 with a letter again advising Plaintiff that he was terminated for violating Article 4 of the Plan and, therefore, was not eligible for severance pay under the terms of the Plan.[6] On April 13, 2012, and again on April 23, 2012, Plaintiff requested information in order to appeal the

---

[4] Rec. Doc. No. 25-1, p. 43 (JNJ-NAPOLI-042).

[5] Rec. Doc.No. 25-1, pp. 10-11 (JNJ-NAPOLI-009-010).

[6] Rec. Doc. No. 25-1, pp. 48-49 (JNJ-NAPOLI-047-048).

decision and implement review of his denied claim.[7] On April 27, 2012, Plaintiff wrote to Defendant, requesting that this letter "serve as an official notice of my appeal and request for a claim review."[8] A representative for the Defendant acknowledged Plaintiff's appeal, provided him with Defendant's documentation for its decision, and advised Plaintiff that he had until July 15, 2012 to submit any additional documents and/or information in support of his appeal.[9] Plaintiff responded on July 3, 2012, reiterating his appeal request and advising that he denied committing a Group 1 Violation; he requested this denial be made a part of his claim file.[10]

After review of Plaintiff's claim, the Pension Committee of Johnson & Johnson informed Plaintiff on August 29, 2012, that, after careful review of all documentation submitted by both parties, the terms of the Plan, and applicable law, the Committee upheld the determination that Plaintiff was ineligible for severance pay under the Plan.[11] Plaintiff filed suit against the Defendant in state court on September 23, 2011, alleging that the Defendant terminated his employment without just cause and violated both the Employee Retirement Income Security Act of 1974 ("ERISA")[12] and the Age Discrimination Employment Act of 1967 ("ADEA").[13] The Defendant removed this action to federal court

---

[7] Rec. Doc. No. 25-1, pp. 50-51 (JNJ-NAPOLI-049-050) & pp. 52-53 (JNJ-NAPOLI-051-052).

[8] Rec. Doc. No. 25-1, p. 54 (JNJ-NAPOLI-053).

[9] Rec. Doc. No. 25-1, pp. 55-56 (JNJ-NAPOLI-054-055).

[10] Rec. Doc. No. 25-1, p. 57 (JNJ-NAPOLI-056).

[11] Rec. Doc. No. 25-1, pp. 58-59 (JNJ-NAPOLI-057-058).

[12] 29 U.S.C. § 1001, *et seq.*

[13] 29 U.S.C. § 621, *et seq.*

on the basis of federal question jurisdiction.[14] The Plaintiff concedes that his claim for severance benefits is governed by ERISA.[15] Both parties now move for partial summary judgment on Plaintiff's ERISA claim, and Plaintiff also moves for summary judgment on the Defendant's counter-claim for approximately $3,000.00 in charges it claims Plaintiff lacked authorization to bill to his company-issued credit card. The age discrimination claims are not addressed in these motions.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[16] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[17] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not

---

[14] 28 U.S.C. § 1446(b).

[15] Rec. Doc. No. 25-5, p. 1.

[16] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

negate the elements of the nonmovant's case."[18] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[19]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[20] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[21] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[22] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[23] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[24]

---

[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[19] *Id.* at 1075.

[20] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[21] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[22] *Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[23] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### B. Cross Motions for Summary Judgment by Parties

The Plaintiff contends that the Administrator's decision was arbitrary and capricious for several reasons. First, Plaintiff contends that he was informed he was terminated for a "Group I Violation," which he argues is defined as any one of twenty-two non-exclusive bullet points found in the Company's Performance and Conduct Standards Policy. Plaintiff argues that the September 27, 2010 letter, which advises that Plaintiff "wrongfully expensed 'over $3,000.00 on his American Express account,'"[25] is not directly referenced in the specific Group I Violation portion of the Policy. Furthermore, Plaintiff contends that, other than this one sentence, the administrative record contains no other reference to the specifics of the alleged violation. Plaintiff contends he requested, in writing, identification of the specific policy he violated and any supporting documentation and also stated in writing to the Defendant: "A general blanket allegation by you that I violated a Performance and Conduct Standards Policy is impossible for me to defend...."[26] Plaintiff argues he was never adequately provided information of the specifics regarding his alleged violation; therefore, he was prevented from preparing specific responses to the allegations.

Plaintiff also argues that the administrative record itself is devoid of any documentation to support the conclusion that Plaintiff was terminated for violating the Company's policy. Plaintiff contends "[n]othing in the record sets forth the specific acts which allegedly constituted a Group I Violation. To the extent 'wrongful expense' reimbursements were the basis for The Company's findings, evidence of the specific

---

[25] Rec. Doc. No. 25-5, p. 6, quoting JNJ-NAPOLI-042.

[26] *Id.* at p. 7, quoting JNJ-NAPOLI-049-050.

reimbursements are not contained in the record."[27]

Because a Plan Administrator's decision to deny benefits must be supported by substantial evidence, Plaintiff argues the Plan Administrator's decision fails to meet this standard because the decision was "nebulous and conclusory," and due to the Committee's acceptance of "a bare and conclusory allegation without a scintilla of documentation to support" it.[28]

Plaintiff also moves for summary judgment on the Defendant's counter-claim for reimbursement of the $3,000.00 allegedly "wrongfully expensed" by the Plaintiff. Plaintiff argues that the Defendant has produced no evidence in discovery to support this claim and the administrative record likewise supports no such claim.

The Defendant has also moved for partial summary judgment on the severance claim. Defendant contends that the administrative record fully supports the denial of Plaintiff's severance benefits. The Defendant also argues that, because the Plan gives exclusive discretionary authority to the Claims Administrator to determine eligibility for benefits, the Court must apply an abuse of discretion standard in reviewing the denial of Plaintiff's claim.[29]

Defendant argues that the Court must determine only whether there is substantial

---

[27] *Id.* at p. 8.

[28] *Id.*

[29] Defendant argues, and the Court agrees, that the only evidence of a conflict of interest on the part of the Administrator is the fact that Defendant administers the Plan and pays out benefits from Company assets. As such, Defendant contends, and the Court agrees, that because there is no more than a minimal conflict of interest, this decision is reviewed with only a modicum less deference.

evidence in the administrative record to support the denial of Plaintiff's claim, and that the Administrator's decision was not arbitrary and capricious. Defendant contends that the administrative record contains sufficient documentation that Plaintiff was terminated for violating Company policy. Thus, according to the Defendant, the finding by the Administrator that Plaintiff was not eligible for severance benefits was supported by concrete evidence, and Plaintiff presented no evidence to contradict this finding.

Further, the Defendant contends that the Company's Policy has created a "list of prohibited employee conduct" that is not intended to be all-inclusive; however, the Policy clearly provides that: "Group I violations include, but are not limited to ... [w]illfully making any false statement in records that are the property of the Company or which are submitted to the Company including, but not limited to ... expense reports... ."[30] The Policy also provides that management has the right to review all performance and conduct issues, considering the totality of the circumstances, when deciding appropriate disciplinary action.[31] Thus, contrary to Plaintiff's contention that there is no "concrete evidence" to support the denial of severance benefits, the Defendant points to Exhibit 1, the Company's Performance and Conduct Standards[32] referenced above; Exhibit 3, which is the letter from Defendant's General Counsel to Plaintiff advising that he was terminated for a Group I violation and not eligible for severance benefits;[33] Exhibit 6, which is a letter from the

---

[30] Rec. Doc. No. 29, p. 3, citing JNJ-NAPOLI-037.

[31] JNJ-NAPOLI-040.

[32] JNJ-NAPOLI-036-041.

[33] JNJ-NAPOLI-042.

Manager of Global Benefits to Plaintiff's counsel specifically addressing the reasons for Plaintiff's termination and denial of his claim;[34] Exhibit 10, in the record which is another letter regarding the documents used in determining the claim;[35] and Exhibit 12, a letter from the Chairman of the Benefit Claims Committee to Plaintiff which specifically recites the key points upon which the Committee's determination was based.[36] Defendant contends that the claim and appeal denial letters expressly contain the basis for the denial of the severance claim and constitute a sufficient "'rational connection between known facts and the decision' to survive arbitrary and capricious review."[37]

The Defendant also contends that the Plaintiff "misapprehends the burden of proof under ERISA."[38] Citing Fifth Circuit jurisprudence, the Defendant states that "[s]ubstantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[39] Defendant argues the Plaintiff had ample opportunity to present any evidence demonstrating that he was not terminated for a violation of company policy. Furthermore, Defendant argues that Plaintiff's contention that the Company needed to provide "more specific evidence" to support its denial is not supported by the facts of this case, the evidence in the

---

[34] JNJ-NAPOLI-047.

[35] JNJ-NAPOLI-054.

[36] JNJ-NAPOLI-057.

[37] Rec. Doc. No. 29, p. 7, quoting *Meditrust Fin. Serv. Corp. v. The Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999).

[38] *Id.* at p. 8.

[39] *Id.*, quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2005).

administrative record, or any applicable jurisprudence.

### C. ERISA - Standard of Review

"Standard summary judgment rules control in ERISA cases."[40] We review the grant of summary judgment *de novo,* applying the same standard as the district court.[41] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[42]

The Fifth Circuit also reviews *de novo* a district court's selection of the appropriate standard of review to be applied to an ERISA administrator's eligibility determination.[43] Unless the terms of the plan give the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan[,]" an administrator's decision to deny benefits is reviewed *de novo.*[44] However, if the language of the plan does grant the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, a plan's eligibility determination must be upheld by a court unless it is found to be an abuse of discretion.[45] Independent of the administrator's ultimate authority to determine benefit eligibility, factual determinations made by the plan

---

[40] *Cooper v. Hewlett–Packard Co.*, 592 F.3d 645, 651 (5th Cir.2009) (quoting *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 225 (5th Cir.2004)).

[41] *Pub. Citizen Inc. v. La. Att'y Disciplinary Bd.*, 632 F.3d 212, 217 (5th Cir.2011).

[42] Fed.R.Civ.P. 56(a).

[43] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir.1999).

[44] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[45] *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone Tire & Rubber Co.*, 489 U.S. at 111, 115).

administrator during the course of a benefits review will be rejected only upon a showing of abuse of discretion.[46]

In the ERISA context, "[a]buse of discretion review is synonymous with arbitrary and capricious review."[47] This standard requires only that substantial evidence supports the plan fiduciary's decision.[48] Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[49] "A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence."[50] Moreover, this court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end."[51]

### D. Application

It is undisputed in this case that the Plan Administrator was vested with discretionary authority to construe the terms of the Plan and determine eligibility. Applying the abuse of discretion standard, the Court finds that the decision to deny Plaintiff severance pay was

---

[46] *Meditrust Fin. Servs. Corp.*, 168 F.3d at 213.

[47] *Cooper*, 592 F.3d at 652 (citing *Meditrust*, 168 F.3d at 214).

[48] *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir.2004).

[49] *Id.* (quoting *Deters v. Sec'y of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir.1986)).

[50] *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir.2009) (citing *Meditrust Fin. Servs. Corp.*, 168 F.3d at 215).

[51] *Corry v. Liberty Life Assur. Co. of Boston,* 499 F.3d 389, 398 (5th Cir.2007) (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir.1999) (en banc)(*overruled on other grounds*).

based on a reasonable interpretation of the severance benefits program. The correspondence between Defendant's representatives and Plaintiff clearly reflects that the Defendant considered Plaintiff's alleged conduct to be a Group I violation under the terms of the Company Policy. The Defendant's interpretation and finding in this regard is consistent with the goals of the Policy and is not contrary to the clear language or meaning of the Policy or the requirements of ERISA.

The Court also finds that the decision to deny benefits was supported by substantial evidence. In reaching the decision on Plaintiff's claim, the Plan Administrator clearly relied on the initial document which stated that Plaintiff was terminated for violating company policy, and later correspondence between the parties explaining the factors and documents considered by the Administrator in reaching its decision. Importantly, there is no evidence or documentation in the administrative record which indicates or suggests that Plaintiff was terminated for any reason *other* than the violation of company policy.

Therefore, for the reasons set forth above, the Defendant's *Motion for Partial Summary Judgment* on the ERISA claims is GRANTED. Plaintiff's *Motion for Summary Judgment* on the ERISA claim is DENIED. However, Plaintiff also moved for summary judgment on the Defendant's counter-claim. The Defendant did not counter or address this argument in its *Opposition*. The law is clear that "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."[52] Thus, summary judgment is GRANTED in favor of

---

[52] *Kennan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

Plaintiff dismissing Defendant's counter-claim.

## III. CONCLUSION

For the reasons set forth above, the *Motion for Partial Summary Judgment*[53] by the Defendant is GRANTED. The *Motion for Summary Judgment*[54] by Plaintiff is GRANTED in part and DENIED in part as set forth above. The Plaintiff's age discrimination claims remain before the Court.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on June 30, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[53] Rec. Doc. No. 27.

[54] Rec. Doc. No. 25.